UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

David F. Cass, Sr.

   v.　　　　　　　　　　　　　　　Civil No. 17-cv-313-JD
　　　　　　　　　　　　　　　　　　　Opinion No. 2018 DNH 182
Airgas USA, LLC

## O R D E R

David Cass moves for reconsideration of the order that granted in part and denied in part Airgas's motion for summary judgment. In support, Cass contends that the court erred in concluding that he could not prove constructive discharge or a hostile work environment. Airgas objects to the motion for reconsideration.

## Standard of Review

"'[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Zimny, 846 F.3d 458, 467 (1st Cir. 2017) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Reconsideration is not "a vehicle for a party to undo its own procedural failures" or a means to "advance arguments that could and should have been presented to the

district court prior to" the decision being issued. Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006). Further, reconsideration does not permit a party to "regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).

## Discussion

In the order on summary judgment, the court concluded that Cass could not prove constructive discharge or a hostile work environment as the adverse employment actions taken against him. For purposes of constructive discharge, the court concluded that Cass had not shown a triable issue as to whether Airgas's fitness-for-duty requirements met the standard or whether Airgas's actions were illegal under 42 U.S.C. § 12112(d)(4). The court also concluded that Cass resigned prematurely. With respect to a hostile work environment, the court found that Cass had not demonstrated at least a triable issue, based on an objective standard, as to whether Airgas's fitness-for-duty requirements were sufficiently severe and pervasive so as to alter his employment. Cass challenges those determinations.

A. Constructive Discharge

Cass contends that the court put too much weight on the incidents when he fell asleep while working. He contends that

because he fell asleep only twice in 2014 and once the year before he did not have a problem with falling asleep at work due to his sleep apnea.  He argues that Airgas's fitness-for-duty requirements were illegal and that he was not required to meet with an Airgas representative before resigning.

As provided in the summary judgment order, "[c]onstructive discharge typically refers to harassment so severe and oppressive that staying on the job while seeking redress—the rule save in exceptional cases—is intolerable." Gerald v. Univ. of P.R., 707 F.3d 7, 25 (1st Cir. 2013) (internal quotation marks omitted).  "A successful constructive discharge claim requires 'working conditions so intolerable that a reasonable person would have felt compelled to resign.'"  Id. (quoting Penn. St. Police v. Suders, 542 U.S. 129, 147 (2004)); see also E.E.O.C. v. Kohl's Dept. Stores, Inc., 774 F.3d 127, 134 (1st Cir. 2014); Porter, 151 N.H. at 42 ("Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign.").  Further, "[t]he standard to meet is an objective one, it cannot be triggered solely by an employee's subjective beliefs, no matter how sincerely held." Gerald, 707 F.3d at 25 (internal quotation marks omitted).  The court concluded that Airgas's fitness-for-duty requirements did not on their own rise to the level of constructive discharge.

1.  <u>Cleared for Work</u>

Cass asserts that the import of his fatigue and falling asleep at work was exaggerated.  He contends that he was cleared to return to work so that any further requirements to address his fatigue were harassing and illegal.  He does not explain why that would be the case, however.  In addition, the evidence he cites does not support his theory.

In his motion, Cass states that "[t]he July 23, 2014, doctor's note cleared him to return to all essential functions of his work so that Airgas's additional evaluation requirements were illegal."  Contrary to Cass's representation, there is no doctor's note dated July 23, 2014, in the record.

There is an evaluation report dated July 23, 2014, completed by a lab technician, that indicates that Cass could "perform the essential job functions as listed in the provided job description [which was not provided]" but also recommends that he be reevaluated in four to six weeks by a specialist.  In response to that recommendation, Cass scheduled an appointment with his own doctor who provided a statement on September 17, 2014.  In the statement, Cass's doctor wrote that he was concerned about Cass's sleep apnea and was concerned that without adequate treatment Cass would have daytime fatigue and

4

should not drive a forklift.  Cass admitted his fatigue at work to his supervisor and admitted that he had not been using his prescribed CPAP machine.

Cass has not shown that the issue of his fatigue and falling asleep at work was considered improperly.

2. Objectively Intolerable Conditions

Cass also asserts that the fitness-for-duty requirements were "subjectively and objectively unreasonable."  The reasonableness of the requirements, however, is not the standard for purposes of showing constructive discharge.  The requirements must be objectively intolerable.  Cass does not argue or more importantly show that that the fitness-for-duty requirements, which were also prescribed by his treating doctors, were objectively intolerable.

3. Illegal under 42 U.S.C. § 12112(d)(4)

Cass argues, as he did in opposition to the motion for summary judgment, that the fitness-for-duty requirements were illegal under § 12112(d)(4), making them per se grounds for constructive discharge.  Whether or not his theory that an illegal act always constitutes grounds for constructive discharge, the court determined that Airgas met its burden to show that the requirements were not illegal under § 12212(d)(4).

Cass has not shown that determination was the result of a manifest error of law.

The court also noted in the summary judgment order that Cass did not allege a claim under § 12112(d)(4). In his motion for reconsideration, Cass argues that the court should construe his general allegation of disability discrimination "contrary to 'NH RSA 354-A', and 'ADA/ADAAA, 42 U.S.C. § 12101 et seq." to include a claim that Airgas violated § 12112(d)(4), despite the lack of any cite to the statute or supporting allegations. Cass is represented by counsel and, therefore, is not entitled to the broad view that might allow pro se parties the benefit of the doubt. Instead, Cass is expected to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He did not allege a claim under § 12112(d)(4).

4. Paid Leave

To the extent Cass argues that he was not paid during his month leave of absence and that the lack of pay constituted constructive discharge, his argument is too little and too late. In the summary judgment order, the court noted that Cass referred to a lack of compensation in passing but found that he had not made those allegations in his complaint. In addition, that part of Cass's affidavit cited in support of that

representation, states that he was paid and that he was told to complete Family Medical Leave Act paperwork to receive additional payments, which he apparently did not do.  Therefore, Cass cannot claim that a lack of pay during his leave caused him to resign several months later.

    5.   Premature Resignation

As an additional reason for concluding that Cass could not prove constructive discharge, the court noted that Cass resigned before discussing his concerns with an Airgas representative when a meeting had been scheduled and then postponed.  Cass argues, in a non sequitur, that a discrimination claim does not require an employee to meet with his employer.  For purposes of showing an adverse employment action, however, an employee cannot show constructive discharge if he "assume[d] the worst" rather than accepting an opportunity to talk with his employer. Kohl's, 774 F.3d at 134.

Cass argues, nevertheless, that a reasonable jury could find that his resignation was reasonable.  Again, reasonableness is not the standard.  The conditions must be objectively intolerable.  Cass has not shown a manifest error of law.

B.  Hostile Work Environment

Cass contends that the court also erred in finding that he could not prove that he was subjected to a hostile work environment.  As provided in the summary judgment order, a hostile work environment theory requires "evidence that the discriminatory [or retaliatory] conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive work environment."  Murray v. Warren Pumps, LLC, 821 F.3d 77, 86 (1st Cir. 2016); Noviello v. City of Boston, 398 F.3d 76, 90 (1st Cir. 2005).  To constitute an adverse employment action, the harassment must be both "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."  Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Cass argues that the fitness-for-duty requirements met the standard for a hostile work environment, again arguing that the requirements were illegal under § 12112(d)(4).  Because Cass has not shown that Airgas acted illegally under § 12112(d)(4), that theory fails.  He has not otherwise shown that the court's analysis of his hostile work environment evidence was based on a manifest error of law.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 27) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 11, 2018

cc: Francis J. Bingham, Esq.
    Leslie H. Johnson, Esq.
    Christopher B. Kacamarek, Esq.